Filed
12/12/2014 10 27 08 AM
Esther Degollado
District Clerk
Webb District
2014CVF002825D1

CAUSE NO.

| | | |
|---|---|---|
| NICOLAS HERNANDEZ AND MINERVA HERNANDEZ, | § § § | IN THE DISTRICT COURT |
| VS. | § § | JUDICIAL DISTRICT |
| UNDERWRITERS AT LLOYDS LONDON AND WILLIAM W. ROBINSON | § § | WEBB COUNTY, TEXAS |

### PLAINTIFFS' ORIGINAL PETITION WITH DISCOVERY ATTACHED

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME NICOLAS HERNANDEZ and MINERVA HERNANDEZ (hereinafter referred to as "Plaintiffs"), complaining of Defendants, UNDERWRITERS AT LLOYDS LONDON (hereinafter referred to as "UNDERWRITERS") and WILLIAM W. ROBINSON (hereinafter referred to as "ROBINSON"), and for cause of action would respectfully show unto the Court and Jury as follows:

### I. DISCOVERY CONTROL PLAN

Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiffs ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II. PARTIES AND SERVICE

Plaintiffs, NICOLAS HERNANDEZ and MINERVA HERNANDEZ, are individuals and residents of Webb County.

Defendant, UNDERWRITERS AT LLOYDS LONDON, is an insurance company engaging in the business of insurance and operating in the State of Texas procuring and adjusting



policies in Texas. UNDERWRITERS AT LLOYDS LONDON can be served through its Attorney for Service at the following address:

> Underwriters at Lloyds London
> Edward T. Smith, Esq.
> Mendes & Mount, LLP
> 750 Seventh Avenue
> New York, New York 10019-9859
> c/o Attorney for Service
> Julia Rathgeber, Commissioner for the Texas Department of Insurance
> Texas Department of Insurance
> 333 Guadalupe St.
> Austin, Texas 78701.

Defendant, WILLIAM W. ROBINSON, is an individual and resident domiciled in the State of Texas engaging in the business of insurance adjusting policies and claims in Texas. WILLIAM W. ROBINSON can be served at the following address:

> William W. Robinson
> 513 Sunrise Trail
> Dripping Springs, Texas 78620 - 2736.

### III. JURISDICTION AND VENUE

This Court has Jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court.

The Court has jurisdiction over UNDERWRITERS because this defendant is an insurance company that engages in the business of insurance in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas.

The Court has jurisdiction over ROBINSON because this defendant engages in the business of insurance adjusting policies and claims in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas.

Venue is mandatory and proper in Webb County, Texas, because all or a substantial part of the events giving rise to the lawsuit occurred in this county (*see* Tex. Civ. Prac. & Rem. Code

§ 15.002) and the insured property that is the basis of this lawsuit is located in Webb County, Texas.

## IV. CONDITIONS PRECEDENT

All conditions precedent to recovery have been performed, waived, or have occurred.

## V. FACTS

A. Plaintiffs are the owners of insurance Policy No. NAH050390003 issued by UNDERWRITERS (hereinafter referred to as the "Policy").

B. Plaintiffs own the insured property which is specifically located at 1802 Pace Street, Webb County, Laredo, Texas 78041 (hereinafter referred to as the "Property").

C. UNDERWRITERS or its agent sold the Policy, insuring the Property, to Plaintiffs.

D. On or about May 9, 2014, a wind and hailstorm struck Laredo, Texas causing severe damage to homes and businesses throughout the area, including Plaintiffs' home.

E. Plaintiffs submitted a claim to UNDERWRITERS against the Policy for roof and other damage and resulting water damage the Property sustained as a result of a wind and hail storm. Plaintiffs asked that UNDERWRITERS cover the cost of repairs to the Property pursuant to the Policy and any other available coverages under the Policy.

F. UNDERWRITERS has assigned Claim Number 2000088792 to Plaintiffs' claim.

G. UNDERWRITERS assigned ROBINSON to individually investigate and adjust the claim. As the adjuster assigned, ROBINSON was improperly trained and failed to perform a thorough investigation of Plaintiff's claim.

H. ROBINSON was charged with investigating the claim and communicating with Plaintiffs about the Policy terms. ROBINSON inspected Plaintiffs' property on or about October 25, 2014. During the inspection, ROBINSON was tasked with the responsibility of

conducting a thorough and reasonable inspection of Plaintiffs' claim, including determining the cause of and then qualifying the damage done to Plaintiffs' home. ROBINSON prepared an estimate on or about October 27, 2014, which vastly underscoped the actual covered damages to the home, thus demonstrating ROBINSON did not conduct a thorough investigation of the claim. Moreover, ROBINSON conducted a substandard inspection of Plaintiffs' Property by omitting covered damages to the dwelling's roof in the estimate ROBINSON prepared. Ultimately, ROBINSON's estimate did not allow adequate funds to cover the cost of the repairs to all damages sustained by Plaintiffs.

I. ROBINSON failed to fairly evaluate and adjust Plaintiffs' claim as he is obligated to do under the Policy and Texas law. By failing to properly investigate the claim, preparing a vastly underscoped estimate which resulted in a wholly inaccurate claim payment, ROBINSON engaged in unfair settlement practices by misrepresenting material facts to Plaintiffs that the covered damage to the home was much less than it actually is. Specifically, ROBINSON both underestimated and undervalued the cost of materials required for necessary repairs, incorrectly applied material sales tax, and failed to include contractor's overhead and profit. ROBINSON's inadequate investigation was relied upon by UNDERWRITERS in this action and resulted in Plaintiffs' claim being undervalued and underpaid.

J. ROBINSON failed to properly adjust the claim and UNDERWRITERS has denied at least a portion of the claim without an adequate investigation, even though the Policy provided coverage for losses such as those suffered by Plaintiffs. As a result of ROBINSON's unreasonable investigation of the claim, including not providing full

4

      coverage for damages sustained by Plaintiffs, as well as under-scoping the damages during his investigation and thus denying adequate and sufficient payment to Plaintiffs' to repair their home. Plaintiffs' claim was improperly adjusted.

K.    UNDERWRITERS and ROBINSON wrongfully denied Plaintiffs' claim for repairs to the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs. Furthermore, UNDERWRITERS failed to pay Plaintiffs' claim by not providing coverage for the damages sustained by Plaintiffs. ROBINSON's mishandling of Plaintiffs' claim has also caused a delay in their ability to fully repair their home, which resulted in additional damage.

L.    To this date, Plaintiffs' claim still remains unpaid and Plaintiffs still have not been able to properly repair the Property.

M.    UNDERWRITERS and ROBINSON failed to perform their contractual duty to adequately compensate Plaintiffs under the terms of the Policy. Specifically, UNDERWRITERS and ROBINSON failed and refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs. UNDERWRITERS and ROBINSON's conduct constitutes a breach of the insurance contract between UNDERWRITERS and Plaintiffs.

N.    ROBINSON misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy by omitting covered damages to Plaintiffs' roof and other structures in the estimate ROBINSON prepared, even though the damage was caused by a covered

5

occurrence. ROBINSON's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060(a)(1).

O.  UNDERWRITERS and ROBINSON failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. UNDERWRITERS and ROBINSON's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060(a)(2)(A).

P.  UNDERWRITERS and ROBINSON failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement. Specifically, UNDERWRITERS failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made. Furthermore, ROBINSON did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did he provide any explanation for the failure to adequately settle Plaintiffs' claim. UNDERWRITERS and ROBINSON's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060(a)(3).

Q.  UNDERWRITERS and ROBINSON failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from UNDERWRITERS and ROBINSON. UNDERWRITERS and ROBINSON's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060(a)(4).

R.  UNDERWRITERS refused to fully compensate Plaintiffs, under the terms of the Policy, even though ROBINSON failed to conduct a reasonable investigation. Specifically,

6

ROBINSON performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs' losses to the Property. UNDERWRITERS and ROBINSON's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060 (a)(7).

S.  UNDERWRITERS failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim and requesting all information reasonably necessary to investigate Plaintiffs' claim within the statutorily mandated deadline. UNDERWRITERS's conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE Section 542.055.

T.  UNDERWRITERS failed to accept or deny Plaintiffs' full and entire claim within the statutory mandated deadline of receiving all necessary information. UNDERWRITERS's conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE Section 542.056.

U.  UNDERWRITERS and ROBINSON failed to meet their obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, ROBINSON has delayed full payment of Plaintiffs' claim longer than allowed and, to date; Plaintiffs have not yet received full payment for their claim. UNDERWRITERS and ROBINSON's conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE Section 542.058.

V.  From and after the time Plaintiffs' claim was presented to UNDERWRITERS and ROBINSON, the liability of UNDERWRITERS and ROBINSON to pay the full claim in accordance with the terms of the Policy was reasonably clear. However,

7

UNDERWRITERS and ROBINSON have refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. UNDERWRITERS and ROBINSON's conduct constitutes a breach of the common law duty of good faith and fair dealing.

W. UNDERWRITERS and ROBINSON knowingly or recklessly made false representations, as described above, as to material facts and or knowingly concealed all or part of material information from Plaintiffs.

X. As a result of UNDERWRITERS and ROBINSON's wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who is representing Plaintiffs with respect to these causes of action.

Y. Plaintiffs' experience is not an isolated case. The acts and omissions of UNDERWRITERS and ROBINSON committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of UNDERWRITERS and ROBINSON with regard to handling these types of claims. UNDERWRITERS and ROBINSON's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholder.

## VI. THEORIES OF LIABILITY

### A. Cause of Action for Breach of Contract

Plaintiffs reallege and incorporate by reference all previous and subsequent paragraphs herein.

According to the Insurance Policy that Plaintiffs purchased, UNDERWRITERS and ROBINSON have the duty to investigate and pay Plaintiffs' policy benefits for claims made for covered damages, including additional benefits under the Policy, resulting from a wind and

hail storm. As a result of a Wind and Hailstorm and or ensuing losses from a wind and hail storm, both of which are covered perils under the Policy, Plaintiffs' home and personal Property have been damaged.

UNDERWRITERS and ROBINSON's failure and refusal, as described above, to pay the adequate compensation as they are obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of UNDERWRITERS's contract with Plaintiffs. As a result of this breach of contract, Plaintiffs have suffered the damages that are described in this petition.

**B. Cause of Action for Violation of Section 542**

Plaintiffs reallege and incorporate by reference all previous and subsequent paragraphs herein.

UNDERWRITERS and ROBINSON's acts, omissions, failures and conduct that are described in this petition violate Section 542 of the Texas Insurance Code. Within the timeframe required after the receipt of either actual or written notice of Plaintiffs' claim, UNDERWRITERS and ROBINSON did not request from Plaintiffs any items, statements, and forms that they reasonably believed at that time would be required from Plaintiffs for their claim. As a result, UNDERWRITERS and ROBINSON have violated Section 542 by failing to accept or reject Plaintiffs' claim in writing within the statutory timeframe. UNDERWRITERS and ROBINSON also violated Section 542 by failing to pay Plaintiffs' claim within the applicable statutory period. In addition, in the event it is determined that UNDERWRITERS owes Plaintiffs any additional monies on Plaintiffs' claim, then UNDERWRITERS has automatically violated Section 542 in this case.

### C. DTPA Cause of Action

Plaintiffs reallege and incorporate by reference all previous and subsequent paragraphs herein.

Plaintiffs incorporate all the allegations in this petition for this cause of action against UNDERWRITERS and ROBINSON under the provisions of the DTPA. Plaintiffs are consumers of goods and services provided by UNDERWRITERS and ROBINSON pursuant to the DTPA. Plaintiffs have met all conditions precedent to bringing this cause of action against UNDERWRITERS and ROBINSON. Specifically, UNDERWRITERS and ROBINSON's violations of the DTPA include, without limitation, the following matters:

By their acts, omissions, failures, and conduct that are described in this petition, UNDERWRITERS and ROBINSON have violated Sections 17.46 (b)(2), (5), (7), (9), (12) and (24) of the DTPA. In this respect, UNDERWRITERS and ROBINSON's violations include, without limitation, (1) their unreasonable delay in the investigation, adjustment and resolution of Plaintiffs' claim, (2) their failure to give Plaintiffs the benefit of the doubt, and (3) their failure to pay for the proper repair of Plaintiffs' home on which liability had become reasonably clear.

As described in this petition, UNDERWRITERS represented to Plaintiffs that its insurance policy and its adjusting and investigative services that were provided by ROBINSON had characteristics or benefits that they did not have, which gives Plaintiffs the right to recover under Section 17.46 (b)(5) of the DTPA;

As described in this petition, UNDERWRITERS represented to Plaintiffs that its insurance policy and its adjusting and investigative services that were provided by ROBINSON were of a particular standard, quality, or grade when they were of another in violation of Section 17.46 (b)(7) of the DTPA;

As described in this petition, UNDERWRITERS advertised its insurance policy and its adjusting and investigative services that were provided by ROBINSON with intent not to sell them as advertised in violation of Section 17.46 (b)(9) of the DTPA;

A. As described in this petition, UNDERWRITERS represented to Plaintiffs that its insurance policy and its adjusting and investigative services that were provided by ROBINSON conferred or involved rights, remedies, or obligations that they did not have, which gives Plaintiffs the right to recover under Section 17.46 (b)(12) of the DTPA;

B. As described in this petition, UNDERWRITERS and ROBINSON failed to disclose information concerning goods or services which were known at the time of the transaction and such failure to disclose was intended to induce Plaintiffs into a transaction into which the Plaintiffs would not have entered had the information been disclosed, which gives Plaintiffs the right to recover under Section 17.46 (b)(24) of the DTPA;

C. UNDERWRITERS and ROBINSON have breached an express warranty that the damage caused by a wind and hail storm would be covered under the insurance policies. This breach entitles Plaintiffs to recover under Sections 17.46 (b)(12) and (19) and 17.50 (a)(2) of the DTPA;

D. UNDERWRITERS and ROBINSON's actions, as described in this petition, are unconscionable in that they took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree. UNDERWRITERS and ROBINSON's unconscionable conduct give Plaintiffs the right to relief under Section 17.50(a)(3) of the DTPA; and

11

E.   UNDERWRITERS and ROBINSON's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA.

All of the above-described acts, omissions, and failures of UNDERWRITERS and ROBINSON are a producing cause of Plaintiffs' damages that are described in this petition.

All of the above-described acts, omissions, and failures of UNDERWRITERS and ROBINSON were done knowingly and intentionally as those terms are used in the Texas Deceptive Trade Practices Act.

### D. Cause of Action for Unfair Insurance Practices

Plaintiffs reallege and incorporate by reference all previous and subsequent paragraphs herein.

Plaintiffs incorporate all the allegations in this petition for this cause of action against UNDERWRITERS and ROBINSON under the Texas Insurance Code. Plaintiffs have satisfied all conditions precedent to bringing this cause of action.

ROBINSON is liable individually for his unfair and deceptive acts, irrespective of the fact that he was acting on behalf of UNDERWRITERS, because he is a "person" defined by section 541.002(2). The term "person" is defined as "any *individual*, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, other legal entity in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE § 541.002(2). (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1988) (holding an insurance company employee to be a "person" for the purpose of bringing an action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

By their acts, omissions, failures, and conduct, UNDERWRITERS and ROBINSON have engaged in unfair and deceptive acts or practices in the business of insurance in violation of 541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition plus UNDERWRITERS and ROBINSON's unreasonable delays in the investigation, adjustment, and resolution of Plaintiffs' claim and UNDERWRITERS's failure to pay for the proper repair of Plaintiffs' home on which liability had become reasonably clear. They further include UNDERWRITERS and ROBINSON's failure to give Plaintiffs the benefit of the doubt. Specifically, UNDERWRITERS and ROBINSON are guilty of the following unfair insurance practices:

- A. Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

- B. Engaging in unfair claims settlement practices;

- C. Misrepresenting to Plaintiffs pertinent facts or policy provisions relating to the coverage at issue;

- D. Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of claims submitted in which liability has become reasonably clear;

- E. Failing to affirm or deny coverage of Plaintiffs' claim within a reasonable time;

- F. Refusing to pay Plaintiffs' claim without conducting a reasonable investigation with respect to the claim; and

- G. Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of a claim or for the offer of a company's settlement.

UNDERWRITERS and ROBINSON have also breached the Texas Insurance Code when they breached their duty of good faith and fair dealing. UNDERWRITERS and ROBINSON's conduct as described herein has resulted in Plaintiffs' damages that are described in this petition.

All of the above-described acts, omissions, and failures of UNDERWRITERS and ROBINSON were done knowingly as that term is used in the Texas Insurance Code.

### E. Cause of Action for Breach of Duty of Good Faith and Fair Dealing

Plaintiffs reallege and incorporate by reference all previous and subsequent paragraphs herein.

Plaintiffs incorporate all the allegations of the preceding paragraphs for this cause of action. By their acts, omissions, failures and conduct, UNDERWRITERS and ROBINSON have breached their common law duty of good faith and fair dealing by failing to pay the proper amounts on Plaintiffs' entire claim without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial. UNDERWRITERS and ROBINSON have also breached this duty by unreasonably delaying payment of Plaintiffs' entire claim and by failing to settle Plaintiff's entire claim because UNDERWRITERS and ROBINSON knew or should have known that it was reasonably clear that the claim was covered.

These acts, omissions, failures, and conduct of UNDERWRITERS and ROBINSON are a proximate cause of Plaintiffs' damages.

### F. Cause of Action for Fraud

UNDERWRITERS and ROBINSON are liable to Plaintiffs for common law fraud. Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiffs would not have acted as they did, and which

14

UNDERWRITERS and ROBINSON knew were false or made recklessly without any knowledge of their truth as a positive assertion. The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury and constituting common law fraud.

## VII. WAIVER AND ESTOPPEL

UNDERWRITERS and ROBINSON have waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

## VIII. DAMAGES

The above described acts, omissions, failures and conduct of UNDERWRITERS and ROBINSON have caused Plaintiffs' damages which include, without limitation, the cost to properly repair Plaintiffs' home and any investigative and engineering fees incurred in the claim. Plaintiffs are also entitled to recover consequential damages from UNDERWRITERS's breach of contract. Plaintiffs are also entitled to recover the amount of their claim plus an 18% per annum penalty on that claim against UNDERWRITERS and ROBINSON as damages under Section 542 of the Texas Insurance Code, plus prejudgment interest and attorneys' fees. All the damages described in this petition are within the jurisdictional limits of the Court.

## IX. STATEMENT OF RELIEF AND DAMAGES OVER $200,000

The total damages sought by Plaintiffs against UNDERWRITERS and ROBINSON for all elements of damage exceed the sum $200,000, including exemplary and punitive damages, penalties, attorneys' fees, interests, and costs. Plaintiffs will not seek or accept damages and or award that may be rendered in the above-captioned matter in excess of $1,000,000. As a result of UNDERWRITERS and ROBINSON's conduct that is described in this petition, Plaintiffs

plead out of the expedited actions process governed by Rules 47 and 169 under the Texas Rules of Civil Procedure. Plaintiffs further plead for judgment for all the other relief to which it deems justly entitled.

## X. ADDITIONAL DAMAGES

UNDERWRITERS and ROBINSON have also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of UNDERWRITERS and ROBINSON's knowing and intentional misconduct, Plaintiffs are entitled to additional damages as authorized by Section 17.50(b)(1) of the DTPA. Plaintiffs are further entitled to the additional damages that are authorized by Section 541 of the Texas Insurance Code.

## XI. EXEMPLARY DAMAGES

UNDERWRITERS and ROBINSON's breach of their duty of good faith and fair dealing owed to Plaintiffs was done intentionally, with a conscious indifference to the rights and welfare of Plaintiffs and with "malice" as that term is defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by UNDERWRITERS and ROBINSON are the type of conduct which the State of Texas protects its citizen against by the imposition of exemplary damages. Therefore, Plaintiffs seek the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish UNDERWRITERS and ROBINSON for their wrongful conduct and to set an example to deter UNDERWRITERS, ROBINSON, and others similarly situated from committing similar acts in the future.

## XII. ATTORNEYS' FEES

As a result of UNDERWRITERS and ROBINSON's conduct that is described in this petition, Plaintiffs have been forced to retain the undersigned attorneys to prosecute this action

and have agreed to pay reasonable attorneys' fees. Plaintiffs are entitled to recover these attorneys' fees under Chapter 38 of the Texas Civil Practices and Remedies Code, Sections 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

## XIII. WRITTEN DISCOVERY

*Plaintiff's Request for Disclosure, Requests for Production, and Interrogatories to Defendants* are attached hereto.

## XIV. JURY DEMAND

Plaintiffs assert Plaintiffs' right to a trial by jury, under Texas Constitution Article 1, Section 15, and make this demand for a jury trial at least 30 days before the date this case is set for trial, in accordance with Texas Rule of Civil Procedure 216. Plaintiffs tender the fee of $30.00, as required by Texas Government Code Section 51.604.

## XV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that UNDERWRITERS and ROBINSON be cited to appear and answer herein, and that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, both as to actual damages, consequential damages, treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found. In addition, Plaintiffs request the award of attorneys' fees for the trial and any appeal of this case, for all costs of court, for prejudgment and post judgment interest as allowed by law, and for any other and further relief, at law or in equity, to which they may show themselves to be justly entitled.

Respectfully submitted,

SOLIS & SMITH, P.C.
12703 Spectrum Drive, Suite 100
San Antonio, Texas 78249
Telephone: (210) 223-5000
Telecopier: (210) 223-5007

By: _____
      CARLOS E. SOLIS
      State Bar No. 24002972
      carlos@solisandsmithlaw.com

      PAUL A. SMITH, JR.
      State Bar No. 24015025
      paul@solisandsmithlaw.com

ATTORNEYS FOR PLAINTIFFS,
NICOLAS HERNANDEZ AND
MINERVA HERNANDEZ